*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ROBERT DAVIS,

        Plaintiff-Appellant,

v

CITY OF HIGHLAND PARK,

        Defendant,

and

DEPARTMENT OF WAYNE COUNTY CLERK, WAYNE COUNTY EMPLOYEES' RETIREMENT SYSTEM, and WAYNE COUNTY RETIREMENT COMMISSION,

        Defendants-Appellees,

and

WAYNE COUNTY BOARD OF COMMISSIONERS,

        Intervening Defendant-Appellee.

UNPUBLISHED
July 22, 2026
2:50 PM

No. 370994
Wayne Circuit Court
LC No. 23-010741-CZ

Before: MALDONADO, P.J., and RIORDAN and YOUNG, JJ.

PER CURIAM.

In this action brought under the Freedom of Information Act (FOIA), MCL 15.231 *et seq*., plaintiff Robert Davis challenges the trial court's rulings related to two different and unrelated FOIA requests to different public bodies. For the first challenge, plaintiff argues that the trial court erred by granting motions for reconsideration that dismissed his claim against the defendant Department of Wayne County Clerk (WCC). For the second challenge, plaintiff argues that the trial court erred by granting summary disposition in favor of the defendants Wayne County

-1-

Employees' Retirement System and the Wayne County Retirement Commission (collectively, the retirement defendants). For the reasons explained below, we affirm in part and reverse in part, and remand to the trial court for further proceedings.

## I. BASIC FACTS

This case arises from two separate and unrelated requests plaintiff made pursuant to the FOIA.[1]

## A. REQUEST FOR ORDINANCE NO. 83-13

On April 9, 2023, plaintiff sent one e-mail to multiple recipients: Felicia Johnson,[2] Wayne County Clerk Cathy M. Garrett, and Pamela Lane, the Deputy County Clerk. Plaintiff cc'd other addresses as well, including one labeled "foiarequests@waynecounty.com." The e-mail made the following request:

> Pursuant to Michigan's Freedom of Information Act (FOIA), and MCL 46.4 and 46.5, I am respectfully requesting **certified** copies of the following public documents:
>
> 1. Certified copies of Wayne County Ordinance No. 83-13 and any subsequent amendments made thereto by the Wayne County Commission.
>
> Please send all responses to this FOIA request to this email address.

In a letter, which was sent via e-mail on April 17, 2023, Johnson replied, stating in relevant part:

> This response only pertains to records within the possession of the Commission and is provided pursuant to the Michigan Freedom of Information Act, Public Act 442 of 1976 ("FOIA").
>
> Your request is denied because Ordinance No 83-13 does not exist. After a diligent search for the requested records, we have determined and certify that these records do not exist within the records of the Commission.

* * *

---

[1] A third FOIA request that also was a subject of this case was made to defendant City of Highland Park, but plaintiff and Highland Park settled that claim. Consequently, neither Highland Park nor that particular FOIA request is pertinent for the issues on appeal.

[2] Johnson is the Wayne County Commission Counsel and the FOIA Officer for the Wayne County Commission.

> Your request has also been forwarded to executive departments for review and response to the extent they have records responsive to your request.

There is no dispute that the WCC did not provide a separate response.

## B. REQUEST FOR RETIREMENT INFORMATION

On June 23, 2023, plaintiff sent a FOIA request to the retirement defendants, seeking the following:

> Copies of any and all written documentation that explains the retirement benefits Alan Helmkamp will receive from the Wayne County Employees' Retirement System when he retires from the County of Wayne.

On June 29, 2023, counsel for the retirement defendants responded and granted plaintiff's request. The letter stated that the "[w]ritten documents that best 'explains the retirement benefits Alan Helmkamp will receive' would be the Retirement System's plan documents which are available on the Retirement Systems website . . . ." The web address was provided.

Plaintiff immediately responded, averring that the communication was not responsive to the "very specific and accurately identified . . . documents . . . requested."

## C. FILING OF THE COMPLAINT

Plaintiff filed the instant three-count complaint on August 21, 2023. For purposes of the present appeal, only Counts II and III are relevant.[3] Count II sought a declaratory judgment that (1) pursuant to MCL 46.4, the Wayne County Clerk is the clerk of the Wayne County Board of Commissioners (WCBC); (2) the WCC violated MCL 15.235 of the FOIA by failing to timely respond to plaintiff's April 9, 2023 request; and (3) the documents plaintiff requested are subject to disclosure under the FOIA. Count III sought a declaratory judgment that the retirement defendants violated the FOIA by failing to provide responsive documents to plaintiff's June 23, 2023 request. Contemporaneous with his complaint, plaintiff also filed a motion seeking declaratory relief related to Counts I and II of the complaint.[4]

## D. PROCEDURAL HISTORY—ORDINANCE REQUEST

The WCBC intervened as an intervening defendant and argued that plaintiff's motion for declaratory judgment in Count II should not be granted. Shortly thereafter, the WCC moved for summary disposition. The WCC argued that the claim against it should be dismissed because (1) plaintiff has no right to receive a copy of an ordinance that does not exist; (2) after receiving a response from the Wayne County Commission FOIA coordinator, plaintiff has no right to receive

---

[3] Count I pertained to defendant Highland Park, which settled the claim and was dismissed from the action. See note one of this opinion.

[4] With respect to the pertinent Count II, the verbiage appears to be identical in both the motion for declaratory judgment and the complaint.

a separate response from the WCC; and (3) the WCC does not have a separate duty to certify ordinances in relation to FOIA requests.

The trial court first ruled that plaintiff's reliance on MCL 46.4 and 46.11(j) was misplaced because those statutes do not pertain to a board of commissioners. The trial court denied the WCC's motion for summary disposition. The trial court noted that the WCC failed to cite any authority for its position that it did not have to provide a separate response to plaintiff's FOIA request after the WCBC provided a response. The trial court also stressed that, accepting that Ordinance No. 83-13 did not exist, the WCC nevertheless had a duty to timely respond to plaintiff informing him of the nonexistence. As a result, the trial court denied the WCC's request for summary disposition under MCR 2.116(C)(8) and, pursuant to MCR 2.116(I)(2), instead granted summary disposition in favor of plaintiff.[5]

On November 9, 2023, the WCBC and the WCC filed separate motions for reconsideration. They argued that the trial court misinterpreted MCL 15.232(h) in concluding that the component units (including the WCBC and the WCC) do not constitute one county (Wayne County). In other words, they alleged that a county and its constituent components, as a whole, is one public body, not distinct separate public bodies under the FOIA, thereby requiring only one response to a FOIA request.

The trial court granted the motions for reconsideration, finding the following passage from *Densmore v Dep't of Corrections*, 203 Mich App 363, 366; 512 NW2d 72 (1994), persuasive:

> The Freedom of Information Act does not require that the agency from which documents are requested must release copies of those documents when another agency possessing the same material has already done so. . . .
>
> Once the records are produced, the substance of the controversy disappears and becomes moot since the disclosure which the suit seeks has already been made.

The trial court opined that although the *Densmore* holding applied to situations in which the requested records existed and were provided, it also should apply to situations in which the requested records did not exist and the requestor was notified of that fact.

E. RETIREMENT REQUEST

On October 10, 2023, the retirement defendants moved for summary disposition pursuant to MCR 2.116(C)(8) and (10). The retirement defendants first argued that plaintiff's arguments premised on the retirement defendants having denied his FOIA request are meritless because they in fact granted the request. Additionally, the retirement defendants averred that the provided documents best explain the retirement benefits applicable to members of the Defined Contribution Plan, such as Helmkamp. The retirement defendants suggested that if the documents were not

---

[5] The trial court noted that WCBC's arguments in its response to plaintiff's motion for declaratory judgment were being made on behalf of the other defendants. The trial court deemed this improper and declined to address them.

-4-

what plaintiff was seeking, he could have submitted a more specific request. In response, plaintiff argued that the documents provided by the web link describes plans for all Wayne County employees and not specifically Helmkamp. Plaintiff averred that the retirement defendants regularly send out reports for future retirees, like Helmkamp, detailing their retirement plan. It is this type of document that plaintiff sought and that the retirement defendants were obligated to provide. In reply, the retirement defendants stated that this is the first time plaintiff has identified a particular type of document he was seeking. In any event, the retirement defendants denied that they regularly send such documents. Instead, those types of documents are provided by third-party record keepers and are not submitted to the retirement defendants.

The trial court granted the retirement defendants' motion for summary disposition under MCR 2.116(C)(10). The trial court ruled that because plaintiff failed to offer any evidence that the retirement defendants failed to timely grant the FOIA request, the claim was barred.

## II. ANALYSIS

### A. FOIA ORDINANCE REQUEST

Plaintiff first argues that the trial court erred when it granted the WCC's and the WCBC's motions for reconsideration and dismissed his claims for declaratory judgment against the WCC. We agree.

This Court reviews a trial court's decision whether to grant a motion for reconsideration for an abuse of discretion. *Kokx v Bylenga*, 241 Mich App 655, 658; 617 NW2d 368 (2000). "A court abuses its discretion when it selects an outcome that falls outside the range of reasonable and principled outcomes." *Wolfenbarger v Wright*, 336 Mich App 1, 14; 969 NW2d 518 (2021). However, whether a party is entitled to summary disposition is a question of law that this Court reviews de novo. *Ardt v Titan Ins Co*, 233 Mich App 685, 688; 593 NW2d 215 (1999). "A motion for summary disposition brought under MCR 2.116(C)(8) tests the legal sufficiency of the complaint on the basis of the pleadings alone. The purpose of such a motion is to determine whether the plaintiff has stated a claim upon which relief can be granted. The motion should be granted if no factual development could possibly justify recovery." *Beaudrie v Henderson*, 465 Mich 124, 129-130; 631 NW2d 308 (2001). A trial court's decision on a motion concerning a request for declaratory judgment is reviewed de novo. *Barrow v Wayne Co Bd of Canvassers*, 341 Mich App 473, 484; 991 NW2d 610 (2022). Finally, this Court reviews issues of statutory interpretation de novo. *City of Riverview v Sibley Limestone*, 270 Mich App 627, 630; 716 NW2d 615 (2006).

In *Arabo v Mich Gaming Control Bd*, 310 Mich App 370, 380; 872 NW2d 223 (2015), this Court observed:

> The [FOIA] declares that it is the public policy of this state to entitle all persons to complete information regarding governmental affairs so that they may participate fully in the democratic process. A public body must disclose all public records that are not specifically exempt under the act. [Cleaned up.]

"A public body's failure to timely respond to a request under the FOIA constitutes a final determination to deny the request." *King v Mich State Police Dep't*, 303 Mich App 162, 188-189; 841 NW2d 914 (2013); see also MCL 15.235(3). Not only is the failure to timely respond considered a final determination by the public body, it also is considered a violation of the FOIA. *Scharret v City of Berkley*, 249 Mich App 405, 412; 642 NW2d 685 (2002); *Hartzell v Mayville Community Sch Dist*, 183 Mich App 782, 787; 455 NW2d 411 (1990). In *Hartzell*, this Court rationalized that

> the disclosure required is not limited to the production of an existing document but, consistent with the requirements of MCL 15.235(2) and (4),[6] also includes the disclosure that the requested document does not exist. It is inconsistent with the purposes of the FOIA for a public body to remain silent, knowing that a requested record does not exist, and force the requesting party to file a lawsuit in order to ascertain that the document does not exist. [*Hartzell*, 183 Mich App at 787.]

Put simply, contrary to the WCC's and the WCBC's suggestions on appeal, "it is not a defense to the failure to respond to a request for a document with the information that it does not exist." *Id*. The parties do not dispute that the WCC never responded to plaintiff's FOIA request for information related to Ordinance No. 83-13.[7]

While granting the WCBC's and the WCC's motions for reconsideration, the trial court relied on *Densmore* for the proposition that the WCC did not have to provide a separate response to plaintiff's FOIA request because he already had received a response from the WCBC. In *Densmore*, 203 Mich App at 364, the plaintiff prisoner made two FOIA requests for a particular document concerning himself. The plaintiff sent one request to the custodian of his medical records and one request to the custodian of his institutional file. *Id*. One request was granted, but the other request was denied, with an exemption being claimed. *Id*. The plaintiff filed suit, and this Court affirmed. *Id*. at 367. In affirming, this Court adopted the rationale from *Crooker v U.S. State Dep't*, 628 F2d 9 (CA DC, 1980), which applied the federal version of the FOIA and determined that the " '[FOIA] does not require that the agency from which documents are requested must release copies of those documents when another agency possessing the same material has already done so.' " *Densmore*, 203 Mich App at 366, quoting *Crooker*, 628 F2d at 10. *Crooker* explained that "[o]nce the records are produced[,] the substance of the controversy disappears and becomes moot since the disclosure which the suit seeks has already been made." *Crooker*, 628 F2d at 10.

---

[6] The text in this cited version of MCL 15.235(4) is now found in MCL 15.235(5). Compare *Hartzell*, 183 Mich App at 786, quoting MCL 15.235(4), with MCL 15.235(5).

[7] Plaintiff is adamant that Ordinance No. 83-13 exists because this Court cited and quoted it in *Wayne Co Sheriff v Wayne Co Bd of Comm'rs*, 196 Mich App 498, 509 & n 9; 494 NW2d 14 (1992). But, because a public body has an obligation to respond to FOIA requests even if the requested document does not exist, we see no relevance in whether Ordinance No. 83-13 actually exists. We therefore offer no opinion on whether the ordinance exists or whether this Court in *Wayne Co Sheriff* made some clerical errors when referencing this purported ordinance.

We do not find *Densmore* or *Crooker* controlling in the present case. Unlike in those cases, here the requested document never was provided to plaintiff. Although the trial court opined that the same principle described in *Densmore* should apply to situations where there is a denial of the existence of a public record, we disagree. Simply because one public body does not possess a public record to disclose does not preclude a different public body, even if it is a department within the same county government, from having it. Indeed, a careful examination of the denial that plaintiff received confirms this view. The denial authored by Johnson stated that it "only pertains to records *within the possession of the Commission*" and that the requested records "do not exist *within the records of the Commission*." (Emphasis added.) The WCC would have a much stronger argument if the denial expressed that the requested records do not exist within the entire county, but that is not what was conveyed.[8] Instead, the denial clearly was limited to documents that the Commission possessed. This leaves open the question of whether other units within the county, including the WCC, could have the documents. Therefore, we hold that the trial court abused its discretion when it granted the motions for reconsideration.

On appeal, the WCBC argues an alternate ground to affirm.[9] The WCBC claims that plaintiff is not entitled to duplicative responses to that request. WCBC's argument seems to be that the WCC is not a distinct "public body" from Wayne County under the FOIA. The WCBC avers that the trial court misinterpreted MCL 15.232(h)(*iii*), which defines "public body" as follows:

> A county, city, township, village, intercounty, intercity, *or* regional governing body, council, school district, special district, or municipal corporation, *or* a board, department, commission, council, or agency thereof. [Emphasis added.]

The WCBC asserts that the two emphasized instances of the word "or" create three categories of public bodies, with the first group consisting of counties, cities, townships, villages, intercounties, and intercities; the second group consisting of regional governing bodies, councils, school districts, special districts, and municipal corporations; and the third group consisting of boards, departments, commissions, councils, and agencies of the second group. The WCBC maintains that the "thereof" language can only apply to the immediately preceding list, which in this instance is the second group of public bodies. In other words, to give the deliberate insertion of the first "or" in the definition any meaning, see *Karpinsky v St John Hosp-Macomb Ctr Corp*, 238 Mich App 539, 543; 606 NW2d 45 (1999) ("When construing a statute, the court should

---

[8] In its motion for summary disposition, the WCC averred that "the Commission's response was on behalf of the County, which includes the County Clerk," but nothing in the Commission's response makes such an indication. The letterhead on the response is labeled "Wayne County Commission," and the assertions of no records existing are limited to records "within the records of the Commission." Additionally, the response ended with the following: "Your request has also been forwarded to executive departments for review and response to the extent they have records responsive to your request." These statements make it clear that the response was not performed on behalf of the entire county government.

[9] An appellee may argue alternate grounds to affirm without filing a cross-appeal. *Meisner Law Group PC v Weston Downs Condo Ass'n*, 321 Mich App 702, 713 n 3; 909 NW2d 890 (2017).

presume that every word has some meaning and should avoid any construction that would render the statute, or any part of it, surplusage or nugatory."), the third group are considered public bodies only if they are part of the immediately preceding group, which is the second group. Otherwise, if the Legislature had intended to allow agencies of the first group to be considered public bodies, it would have simply omitted that first "or," such as this:

> A county, city, township, village, intercounty, intercity, regional governing body, council, school district, special district, or municipal corporation, or a board, department, commission, council, or agency thereof.

The WCBC's argument seems to have merit. But we need not decide that specific issue because, assuming MCL 15.232(h)(*iii*) is inapplicable, MCL 15.232(h)(*iv*) is. MCL 15.232(h)(*iv*) defines "public body" as follows:

> Any other public body that is created by state or local authority or is primarily funded by or through state or local authority, except that the judiciary, including the office of the county clerk and its employees when acting in the capacity of clerk to the circuit court, is not included in the definition of public body.

There is no contention that the position of Wayne County Clerk was not created by state or local authority. See Const 1963, Art VII, § 4 ("There shall be elected for four-year terms in each organized county a sheriff, a county clerk, a county treasurer, a register of deeds and a prosecuting attorney, whose duties and powers shall be provided by law."); *Ruggiero v Unnamed Genesee Co Pub Body*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket Nos. 367378 and 367382); slip op at 8 (noting that the Legislature had imposed various duties on the office of county clerk). Further, there is no contention that the WCC in this instance was acting in the capacity of clerk to the circuit court. Therefore, although the WCBC presents a viable argument that the WCC is not a public body under MCL 15.232(h)(*iii*), the WCC nonetheless is a public body under MCL 15.232(h)(*iv*). See also *Bisio v City of Village of Clarkston*, 506 Mich 37, 51; 954 NW2d 95 (2020) ("MCL 15.232(h)(*iv*) indicates that the office of the county clerk would be included within the definition of 'public body' absent [the judicial exclusion].").

In short, because the WCC is a distinct public body under the FOIA and because the WCC received the FOIA request, a response on behalf of the WCC was necessary, even if it did not possess the requested documents. See *Hartzell*, 183 Mich App at 787. The contention that Johnson responded on behalf of the entire county, or the WCC, is not supported by the record. Instead, her response was limited to that of the Commission. The trial court therefore abused its discretion by granting the motions for reconsideration.

B. DECLARATORY REQUEST FOR THE WCC TO BE THE CLERK OF THE WCBC

Plaintiff also argues that the trial court erred when it failed to enter a declaratory judgment finding that the Wayne County Clerk is the clerk of the WCBC. We disagree.

Plaintiff relies on MCL 46.4, which provides, in pertinent part, that "[t]he county clerk of each county, or in his absence his deputy, shall be the clerk of the board of supervisors of such county." At the outset, MCL 46.4, on its face, applies to boards of supervisors, not boards of

commissioners. The trial court relied on this distinction when it ruled that plaintiff's position had no merit. However, MCL 46.416 states that "[a]ll references to county supervisors or county boards of supervisors in any other act shall be deemed to mean county commissioners and county boards of commissioners as established by this act and such county boards of commissioners shall be the county board of supervisors referred to in [Const 1963, art VII]." The WCBC argues on appeal that MCL 46.4 is not relevant because those provisions only apply to county boards of commissioners under the county commissioners act, MCL 46.1 *et seq.*, while Wayne County now is a charter county formed under the charter counties act, MCL 45.501 *et seq.*

We decline to address this question because we agree with the WCBC that plaintiff is barred from relitigating this issue on either res judicata or collateral estoppel grounds.[10] In *Davis v Garrett*, unpublished per curiam opinion of the Court of Appeals, issued November 20, 2024 (Docket No. 369115), plaintiff sued the WCBC and Cathy M. Garrett, who is the Wayne County Clerk.

> In Count I [of *Davis*], plaintiff requested a declaratory judgment because he submitted a request for certified copies of documents from the Commission to Garrett. However, Garrett's office was unable to provide those documents because Garrett does not act as the clerk to the Commission, but Lane, a deputy clerk, has been appointed to that position, per the MOU [memorandum of understanding]. Plaintiff argues that the MOU violates Const 1963, art 7, § 4 and MCL 46.4. [*Id.* at 3.]

"Plaintiff contended in Count I that the [WCBC] was required to follow MCL 46.4 and have Garrett act as its clerk, rather than appointing Lane as the [WCBC's] clerk." *Id.* at 4.

This Court held that "plaintiff cannot show that, even if there is an actual controversy over whether Garrett is required to serve as the clerk for the [WCBC], he is an interested party regarding that decision, as required by MCR 2.605(A)(1)." *Id.* at 11. This Court further ruled that

> plaintiff cannot show a special injury or right, or a substantial interest, that will be detrimentally affected in a manner different from the citizenry at large. At most, plaintiff alleges that he personally attempted to obtain records of the [WCBC] through Garrett's office and was unsuccessful. However, that does not distinguish his claim in Count I from the citizenry at large. He merely alleges that he, as a member of the public, could not see or obtain the records from the county clerk's office. Thus, he has failed to establish that he has standing to pursue Count I of his complaint for declaratory judgment. [*Id.*]

---

[10] Although the WCBC did not raise the issue of res judicata or collateral estoppel in the trial court, it did argue that plaintiff lacked standing. Notably, the WCBC could not have raised the issue of res judicata or collateral estoppel at the time of its filing in the trial court because the prior judgment had not been issued yet.

The relief plaintiff sought in Count I of *Davis*—a declaration that Garrett is the clerk of the WCBC—is identical with part of the relief he seeks in Count II of the instant case.

"The doctrine of res judicata is employed to prevent multiple suits litigating the same cause of action." *Adair v Mich*, 470 Mich 105, 121; 680 NW2d 386 (2004). Res judicata "bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Id*.

> Collateral estoppel bars relitigation of an issue in a new action arising between the same parties or their privies when the earlier proceedings resulted in a valid final judgment and the issue in question was actually and necessarily determined in that prior proceeding. The doctrine bars relitigation of issues when the parties had a full and fair opportunity to litigate those issues in an earlier action. A decision is final when all appeals have been exhausted or when the time available for an appeal has passed. [*Leahy v Orion Twp*, 269 Mich App 527, 530; 711 NW2d 438 (2006) (citations omitted).]

The prior action in *Davis* and the current action involve the same parties or their privies. Plaintiff is the named plaintiff in both suits. The WCBC is a named defendant in *Davis* and is an intervening defendant in the present suit. Additionally, the Wayne County Clerk is a named defendant in the first suit, while her department is a named defendant in the second suit. There can be little doubt that privity exists between the clerk herself and the clerk's department. See *Duncan v Mich*, 300 Mich App 176, 194; 832 NW2d 761 (2013) (stating that "parties are in privity with each other when they are so identified in interest with another party that the first litigant represents the same legal right that the later litigant is trying to assert") (quotation marks and citations omitted). Therefore, because this issue was decided in a final judgment previously, plaintiff is barred from relitigating it anew. Consequently, plaintiff lacks standing to seek a declaratory judgment that the Wayne County Clerk is the clerk of the WCBC under the doctrines of res judicata and collateral estoppel. Although the trial court denied plaintiff's request on a different ground, we nonetheless affirm. See *Messenger v Ingham Co Prosecutor*, 232 Mich App 633, 643; 591 NW2d 393 (1998) (stating that this Court can affirm on different grounds if the trial court reached the correct result).

## C. FOIA RETIREMENT REQUEST

Plaintiff also argues that the trial court erred when it granted summary disposition in favor of the retirement defendants. We disagree.

This Court reviews a trial court's decision on a motion for summary disposition de novo. *Ardt*, 233 Mich App at 688. A motion brought under MCR 2.116(C)(10) tests the factual support for the claim.[11] *Spiek v Mich Dep't of Transp*, 456 Mich 331, 337; 572 NW2d 201 (1998). "In evaluating such a motion, a court considers the entire record in the light most favorable to the party

---

[11] Although the retirement defendants moved for summary disposition under MCR 2.116(C)(8) and (10), the trial court granted the motion only under (C)(10).

opposing the motion, including affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties." *Corley v Detroit Bd of Ed*, 470 Mich 274, 278; 681 NW2d 342 (2004). The motion should be granted if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Kisiel v Holz*, 272 Mich App 168, 170; 725 NW2d 67 (2006).

In plaintiff's FOIA request to the retirement defendants, he requested the following:

Copies of any and all written documentation that explains the retirement benefits Alan Helmkamp will receive from the Wayne County Employees' Retirement System when he retires from the County of Wayne.

As previously mentioned, the retirement defendants provided plaintiff with a website link, which directed him to electronic versions of the retirement plan documents. In his complaint, plaintiff alleged that the plan documents are not responsive because they pertain to all employees, and not just Helmkamp. In their motion for summary disposition, the retirement defendants argued that plaintiff's claim should be dismissed because they granted the FOIA request by providing the documents that best explain the retirement benefits applicable to Helmkamp. In response, plaintiff argued that the plan documents provided were inadequate because they applied to all employees and not Helmkamp specifically. Plaintiff averred that the retirement defendants should have provided the "regular reports" that they periodically send to future retirees, like Helmkamp, that detail their retirement plan. However, plaintiff's assertion that the retirement defendants possessed these types of "regular reports" was not supported by any documentary evidence.

While opposing the retirement defendants' motion for summary disposition, it was incumbent on plaintiff to present evidence showing that there is a genuine issue of disputed fact. *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996).

Where the burden of proof at trial on a dispositive issue rests on a nonmoving party, the nonmoving party may not rely on mere allegations, but must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists. If the opposing party fails to present documentary evidence establishing the existence of a material factual dispute, the motion is properly granted. [*Id*. at 362-363 (citation omitted).]

As our Supreme Court instructs, plaintiff's mere allegation that the retirement defendants possessed "regular reports" that they should have disclosed is insufficient. See *id*. Plaintiff needed to provide documentary evidence to support his assertion, and the failure to do so is a ground for granting the retirement defendants' motion for summary disposition. Consequently, with no evidence that the retirement defendants possessed or maintained these reports, the trial court did not err by granting their motion for summary disposition.[12]

---

[12] As a practical matter, we have no reason to doubt the retirement defendants' representation on appeal that "[w]hen Participants receive information about their Defined Contribution Plan,

III. CONCLUSION

Affirmed in part and reversed in part. The trial court erred by granting the WCC's and the WCBC's motions for reconsideration, but the court properly declined to enter a declaratory judgment related to the WCC being the clerk of the WCBC and properly dismissed the claim against the retirement defendants. Therefore, we remand this case to the trial court for further proceedings consistent with our opinion. We do not retain jurisdiction.

/s/ Allie Greenleaf Maldonado
/s/ Michael J. Riordan
/s/ Adrienne N. Young

---

statements they may receive are provided by a third-party record keeper and copies of such reports are not submitted to the Retirement System."